# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52356/52357/52358/52359/52360

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) |
| Plaintiff-Respondent, | ) **Filed: February 23, 2026** |
| | ) |
| v. | ) **Melanie Gagnepain, Clerk** |
| | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSHUA DEAN SMALLEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Orders revoking probation in Docket Nos. 52356, 52357, 52358, and 52359, <u>affirmed</u>; judgment of conviction and indeterminate sentence of ten years for failure to notify the sex offender registry of an address change in Docket No. 52360, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences in Docket Nos. 52356, 52357, 52358, 52359, and 52360, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

This case involves five consolidated appeals. In Docket No. 52356, Joshua Dean Smalley pled guilty to injury to a child (Idaho Code § 18-1501(1)) and unlawful possession of a firearm (I.C. § 18-3316(1)). The district court sentenced Smalley to a determinate term of ten years for injury to a child and a concurrent, determinate term of five years for unlawful possession of a firearm, but after a period of retained jurisdiction, suspended the sentence and placed Smalley on probation. Subsequently, Smalley admitted to violating the terms of probation, and the district court extended his probation for one year.

1

In 2018, in Docket No. 52357, Smalley pled guilty to possession of a controlled substance (I.C. § 37-2732(c)(1)).[1]  In exchange for his guilty plea, an additional charge was dismissed including an allegation that he is a persistent violator.  The district court sentenced Smalley to a unified term of seven years, with a minimum period of confinement of five years.[2]  In Docket No. 52356, Smalley admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence.  However, the district court retained jurisdiction in both Docket Nos. 52356 and 52357.  After the period of retained jurisdiction, the district court suspended the sentences and placed Smalley on probation.

In 2021, in Docket No. 52358, Smalley pled guilty to an amended charge of providing false and/or misleading information in registration requirements (I.C. § 18-8311(2)).  The district court sentenced Smalley to a unified term of six years, with a minimum period of confinement of three years,[3] however, the district court suspended the sentence and placed Smalley on probation.  In Docket Nos. 52356 and 52357, Smalley admitted to violating the terms of probation, and the district court continued Smalley on probation in both cases.

In 2023, in Docket No. 52359, Smalley pled guilty to possession of a controlled substance (I.C. § 37-2732(c)(1)).  Smalley also admitted to being a persistent violator of the law (I.C. § 19-2514).  In exchange for his guilty plea, additional charges were dismissed.  The district court sentenced Smalley to a unified term of fifteen years, with a minimum period of confinement of five years.[4]  In Docket Nos. 52356, 52357, and 52358, Smalley admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentences.  However, the district court retained jurisdiction in all four cases.  After the period of retained jurisdiction, the district court suspended the sentences and placed Smalley on probation in Docket Nos. 52356, 52357, 52358, and 52359.

---

[1]     Smalley also pled guilty to and was sentenced for petit theft.  Smalley does not challenge this conviction or sentence on appeal.

[2]     This sentence was ordered to run consecutively to the sentence in Docket No. 52356.

[3]     This sentence was ordered to run consecutively to the sentences in Docket Nos. 52356 and 52357.

[4]     This sentence was ordered to run consecutively to all other sentences.

In 2024, in Docket No. 52360, Smalley pled guilty to failure to notify the sex offender registry of an address change (I.C. § 18-8309). The district court sentenced Smalley to an indeterminate term of ten years.[5] In Docket Nos. 52356, 52357, 52358, and 52359, Smalley admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentences. In Docket No. 52359, the district court reduced the determinate portion of the sentence from five years to two years. In Docket Nos. 52356, 52357, 52358, 52359, and 52360, Smalley filed Idaho Criminal Rule 35 motions, which the district court denied.

Smalley appeals, contending that the district court abused its discretion in revoking probation in Docket Nos. 52356, 52357, 52358, and 52359. Smalley also argues that his sentence is excessive in Docket No. 52360. Smalley further argues that the district court erred in denying his Rule 35 motions for reduction of sentences in Docket Nos. 52356, 52357, 52358, 52359, and 52360.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke

---

[5]     This sentence was ordered to run consecutively to all other sentences.

probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Applying these standards, and having reviewed the records in Docket Nos. 52356, 52357, 52358, and 52359, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Smalley's sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in Docket No. 52360, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Smalley's Rule 35 motions in Docket Nos. 52356, 52357, 52358, 52359, and 52360. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the records in Docket Nos. 52356, 52357, 52358, 52359, and 52360, including any new or additional information submitted with Smalley's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, the orders revoking probation and directing execution of Smalley's previously suspended sentences in Docket Nos. 52356, 52357, 52358, and 52359; Smalley's judgment of conviction and sentence in Docket No. 52360; and the orders denying Smalley's Rule 35 motions in Docket Nos. 52356, 52357, 52358, 52359, and 52360 are affirmed.